UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-71** |
| **DION GURLEY et al** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Defendant Dion Gurley's ("Defendant") motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] In the motion, Defendant contends that his medical conditions—combined with the risks of contracting COVID-19—constitute sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[2] The government opposes the motion for compassionate release.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion without prejudice.

### I. Background

On April 13, 2017, the Government filed an Indictment charging Defendant with conspiracy to distribute oxycodone, promethazine with codeine, and carisoprodol ("Count 1") in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and § 846.[4] On January 24, 2019, Defendant

---

[1] Rec. Doc. 226.

[2] *Id.*; Rec. Doc. 237.

[3] Rec. Doc. 230.

[4] Rec. Doc. 1.

1

pleaded guilty to Count 1.[5] On October 31, 2019, this Court sentenced Defendant to 60 months imprisonment to run concurrently with any sentence imposed by the 34th Judicial District Court in St. Bernard Parish, Louisiana.[6] The Court ordered that the term of imprisonment would be followed by three years of supervised release.[7] Defendant is currently incarcerated at the Federal Correctional Institution, Beaumont Medium: a medium-security facility in Beaumont, Texas.[8] His projected release date is July 2, 2022.[9]

On May 11, 2020, Defendant filed the instant motion for compassionate release pursuant to Section 3582(c)(1)(A).[10] On May 15, 2020, the Court appointed the Office of the Federal Public Defender for the Eastern District of Louisiana to represent Defendant.[11] On May 22, 2020, the government filed an opposition to the instant motion.[12] On June 12, 2020, Defendant filed a supplemental memorandum in further support of the instant motion.[13]

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of the Motion*

---

[5] Rec. Doc. 97.

[6] Rec. Doc. 192. The parties do not brief whether Defendant is currently serving a concurrent state sentence.

[7] *Id.*

[8] Rec. Doc. 226 at 2.

[9] https://www.bop.gov/inmateloc/ (last visited June 17, 2020).

[10] Rec. Doc. 226. As noted above, Defendant is seeking compassionate release pursuant to Section 3582. Defendant does not seek home confinement pursuant to Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which provides the BOP authority to expand home confinement. Nevertheless, it does not appear that Defendant would meet the requirements for such relief, and he does not provide any reason why he would.

[11] Rec. Doc. 227.

[12] Rec. Doc. 230.

[13] Rec. Doc. 237.

Defendant filed a one-page motion arguing that his asthma and diabetes—combined with the risks of contracting COVID-19—constitute sufficient grounds for a sentence reduction.[14] Specifically, he contends that his circumstances suffice for compassionate release under Section 3582(c)(1)(A).[15]

**B.   *The Government's Arguments in Opposition to the Motion***

The government makes three principal arguments in opposition to the instant motion.[16] First, the government argues that Defendant cannot avail himself of Section 3582(c)(1)(A) because he has not exhausted that statute's administrative requirements.[17] The government contends that Section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional.[18] But, even if the exhaustion requirement is not jurisdictional, the government contends that the exhaustion requirement is a mandatory claim-processing rule that must be enforced when, as here, it is invoked by the United States.[19] The government notes that Defendant did not seek relief through any BOP administrative channels before filing the instant motion.[20] For that reason, the government maintains that Defendant failed to exhaust the administrative requirements under Section 3582(c)(1)(A).[21]

Second, the government argues that even if Defendant had exhausted all administrative

---

[14] Rec. Doc. 226; Rec. Doc. 237. The Court has liberally construed Defendant's pro se motion.

[15] Rec. Doc. 226; Rec. Doc. 237.

[16] Rec. Doc. 230.

[17] *Id.* at 9.

[18] *Id.* at 12.

[19] *Id.* at 13.

[20] *Id.* at 9.

[21] *Id.* at 18.

requirements, he would not be entitled to compassionate release on the merits.[22] Specifically, the government argues that Defendant's COVID-19 concerns do not constitute "extraordinary and compelling reasons" warranting a sentence reduction under Section 3582(c)(1)(A).[23] Section 3582(c)(1)(A) provides that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement here is U.S.S.G. § 1B1.13, which states that the following circumstances constitute extraordinary and compelling reasons for a sentence reduction: (a) terminal illness or medical condition that "substantially diminishes" the defendant's ability to "provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant whose age exceeds 65-years old; (c) family circumstances such as a defendant who has minor children without a caregiver; or (d) other reasons as determined by the BOP.[24] The government contends that general COVID-19 concerns do not fall within these circumstances.[25]

Yet the government acknowledges that "[i]f an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of 'extraordinary and compelling reasons.'"[26] The government contends that Defendant has the burden to prove the "extraordinary and

---

[22] *Id.*

[23] *Id.*

[24] U.S.S.G. § 1B1.13.

[25] Rec. Doc. 230 at 19.

[26] *Id.* at 20–21.

compelling reasons" for compassionate release.[27] The government claims that Defendant fails to produce any evidence showing that he suffers from asthma or diabetes.[28] Therefore, the government concludes that Defendant has not met his burden in this case on the merits.[29]

Third, even if the Court granted the instant motion on the merits, the government argues that this Court lacks authority to order the BOP to place Defendant on home confinement.[30] The government states "it is well-established that BOP has sole authority over an inmate's placement, with consideration given to a district court's non-binding recommendation."[31] Because Defendant's request for home confinement merely alters the place of incarceration, the government argues that only the BOP may grant or deny his request.[32]

C.  *Defendant's Supplemental Arguments in Support of the Motion*

Defendant makes three principal arguments in further support of the instant motion.[33] First, Defendant argues that this Court should decide his motion on the merits and disregard his failure to exhaust the administrative requirement under Section 3582(c)(1)(A).[34] Defendant contends

---

[27] *Id.* at 21.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 22.

[31] *Id*

[32] The government also argues that even if the BOP did not have sole authority to grant or deny Defendant's request for home confinement, the Court would still lack authority to order home confinement in this case. *Id.* at 22. The government contends that no constitutional or statutory authority exists permitting the Court to order home confinement. *Id.* For instance, the government notes that the compassionate release statute, 18 U.S.C. § 3582, contemplates only a reduction in a person's sentence. *Id.* at 23. The government points out that Defendant's request "to serve the rest of his term in home confinement, as opposed to prison, however, works no reduction to his sentence." *Id.*

[33] Rec. Doc. 237.

[34] *Id.* at 4.

that the exhaustion requirement is not jurisdictional but instead a mandatory claim-processing rule that the Court—not only the Government—may waive.[35]

Second, Defendant argues that his medical conditions and risks of contracting COVID-19 constitute the required "extraordinary and compelling reasons" to grant compassionate release.[36] Defendant contends that medical conditions make him vulnerable to severe illness if he contracts COVID-19.[37] In support, Defendant points out that the Centers for Disease Control has stated that patients with asthma and diabetes are more likely to be hospitalized if they contract COVID-19.[38] Defendant additionally points out that the government concedes "[i]f an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of 'extraordinary and compelling reasons.'"[39]

Third, Defendant argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) support releasing him.[40] Defendant states that he has served more than two years of his five-year sentence.[41] Defendant also states that the Court previously weighed Section 3553(a)'s factors when sentencing him and decided to vary below the recommended guideline imprisonment range.[42] Defendant contends that he "has maintained a perfectly clear disciplinary record

---

[35] *Id.* at 6–8.

[36] *Id.* at 10.

[37] *Id.* at 11.

[38] *Id.*

[39] *Id.* at 12.

[40] *Id.* at 13.

[41] *Id.*

[42] *Id.*

throughout his incarceration."[43] Defendant concedes that his criminal history may be lengthy, but he notes that it does not entail any significant acts of violence.[44] For these reasons, in addition to health risks, Defendant requests a sentence reduction.[45]

### III. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed."[46] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[47]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"[48]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[49]

Defendant moves the Court to reduce his sentence under Section 3582(c)(1)(A).[50] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[51] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[52] In 2018, Congress passed and the President signed into

---

[43] *Id.* at 14.

[44] *Id.*

[45] *Id.* at 15.

[46] 18 U.S.C. § 3582(c)(1)(A).

[47] *Id.*

[48] *Id.* § 3582(c)(1)(B).

[49] *Id.* § 3582(c)(2).

[50] Rec. Doc. 226; Rec. Doc. 237.

[51] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[52] *Id.*

law the First Step Act.[53] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[54]

Yet, before filing a compassionate release motion directly with a court, a prisoner must exhaust the administrative requirements under Section 3582(c)(1)(A).[55] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence only after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[56] Finally, the Court must "also consider[ ] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[57]

## IV. Analysis

In the instant motion, Defendant argues that his medical conditions—combined with his risks of contracting COVID-19—constitute sufficient grounds for a sentence reduction under

---

[53] *See id.*

[54] *See id.*

[55] *See* 18 U.S.C. § 3582(c)(1)(A).

[56] *Id.*

[57] *Id.*

8

Section 3582(c)(1)(A).[58] On the other hand, the government argues that Defendant cannot avail himself of Section 3582(c)(1)(A) because he failed to exhaust that statute's administrative requirements before filing the instant motion.[59]

Section 3582(c)(1)(A) requires a defendant to exhaust specific administrative requirements before filing a motion for compassionate release. Section 3582(c)(1)(A) states:

> The court *may not* modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .[60]

Several federal district courts and the United States Court of Appeals for the Third Circuit have deemed Section 3582(c)(1)(A)'s exhaustion requirement as mandatory.[61] Consequently, these courts have denied a prisoner's motion for compassionate release when the prisoner failed to exhaust the administrative requirements under Section 3582(c)(1)(A).[62] District judges in the Eastern District of Louisiana have likewise denied a prisoner's motion for compassionate release when the prisoner failed to exhaust the administrative requirements under Section

---

[58] Rec. Doc. 226; Rec. Doc. 237.

[59] Rec. Doc. 230 at 9.

[60] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[61] *See e.g.*, *United States v. Brown*, No. 3:18-CR-228-DPJ-FKB, 2020 WL 3213415, at *3 (S.D. Miss. June 15, 2020) (Jordan III, J.); *United States v. Castro*, No. CR 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.); *United States v. Allen*, No. CR 12-138, 2020 WL 3076668, at *1 (E.D. La. June 10, 2020) (Vance, J.); *United States v. James*, No. 13-85 (E.D. La. Apr. 16, 2020) (Brown, J.); *United States v. Clark*, No. 17-85- SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. JKB-15-0646, 2020 U.S. Dist. LEXIS 54324, at *2 (D. Md. Mar. 27, 2020); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Alam*, __F.3d__, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[62] *See supra* note 61.

9

3582(c)(1)(A).[63]

In this case, Defendant concedes that he has not exhausted all administrative requirements.[64] Nevertheless, Defendant argues that this Court may waive Section 3582(c)(1)(A)'s exhaustion requirement because it is not a jurisdictional rule.[65] Defendant contends that Section 3582(c)(1)(A)'s exhaustion requirement instead is a mandatory claim-processing rule that the Court may waive.[66] Federal courts throughout the country have split over whether Section 3582(c)(1)(A)'s exhaustion requirement is a jurisdictional rule or a mandatory claim-processing rule.[67]

Regardless of whether the exhaustion requirement is jurisdictional or a mandatory claim-processing rule, the Court denies Defendant's motion. If the exhaustion requirement is jurisdictional, Defendant's motion must be denied because the Court lacks jurisdiction to consider the motion on the merits.[68] On the other hand, if the exhaustion requirement is a mandatory claim-processing rule, it still must be enforced when the government, as here, timely invokes the

---

[63] *See supra* note 61.

[64] Rec. Doc. 237 at 4.

[65] *See id.* at 4–7.

[66] *Id.* at 8.

[67] On one hand, many federal courts have held or implied that Section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. *See, e.g.*, *Castro*, 2020 WL 3076667, at *2; *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *United States, v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020); *United States v. Johnson*, No. RDB-14-0441, 2020 WL 1663360, at *3–5 (D. Md. Apr. 3, 2020). *See also Raia*, 954 F.3d at 597. On the other hand, many courts have held that that Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *See, e.g.*, *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *4–5 (S.D.N.Y. Apr. 14, 2020); *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2–3 (S.D.N.Y. Apr. 13, 2020) (collecting cases); *see also United States v. Vigna*, No. S1 16-CR-786-3 (NSR), 2020 WL 1900495, at *5–6 (S.D.N.Y. Apr. 17, 2020).

[68] *See, e.g.*, *Castro*, 2020 WL 3076667, at *2.

mandatory claim-processing rule.[69] Accordingly, Defendant's motion for compassionate release is denied.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Dion Gurley's motion for compassionate release is **DENIED WITHOUT PREJUDICE**.[70]

**NEW ORLEANS, LOUISIANA,** this __23rd__ day of June, 2020.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**NANNETTE JOLIVETTE BROWN**
　　　　　　　　　　　　　　　　　　　**CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[69] Defendant argues that the Court can waive the exhaustion requirement in this case if the Court were to deem the exhaustion requirement a mandatory claim-processing rule. The Court is not persuaded by that argument. *See, e.g.*, *United States v. Brown*, No. 3:18-CR-228-DPJ-FKB, 2020 WL 3213415, at *2–4. (S.D. Miss. June 15, 2020); *see also Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020). When Congress enacts a mandatory exhaustion rule, as in Section 3582(c)(1)(A), the Court must enforce that mandatory exhaustion rule if a party properly raises it. *See, e.g.*, *Brown*, 2020 WL 3213415, at *3 (citing *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019)). In this case, the government raised Defendant's failure to exhaust administrative remedies. Defendant has slim authority for the proposition that this Court may waive Congress's mandatory claim-processing rule when the government invokes it.

Finally, even if the Court could waive the purported claim-processing rule, the Court need not do so—as Defendant concedes. Although the Court is sympathetic to Defendant's situation, the Court will not address the merits of Defendant's motion until he exhausts all administrative remedies.

[70] Pursuant to the Federal Rules of Criminal Procedure, a defendant need not be present at a § 3582(c) proceeding. *United States v. Blount*, 397 F. App'x 947, 948 (5th Cir. 2010) (citing Fed. R. Crim. P. 43(b)(4)).