UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-71** |
| **DION GURLEY** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Defendant Dion Gurley's ("Gurley") second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] In the motion, Gurley contends that his medical conditions—combined with the elevated risk of contracting COVID-19 while in custody—constitute sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[2] The government opposes the second motion for compassionate release.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On April 13, 2017, the government filed an Indictment charging Gurley with conspiracy to distribute oxycodone, promethazine with codeine, and carisoprodol ("Count 1") in violation of 21 U.S.C. § 841(a)(1), § 841 (b)(1)(C), and § 846.[4] On January 24, 2019, Gurley pleaded guilty

---

[1] Rec. Doc. 264.

[2] *Id.*; Rec. Doc. 271.

[3] Rec. Doc. 270.

[4] Rec. Doc. 1.

1

to Count 1.[5] On October 31, 2019, this Court sentenced Gurley to 60 months imprisonment to run concurrently with any sentence imposed by the 34th Judicial District Court in St. Bernard Parish, Louisiana.[6] The Court also sentenced Gurley to a term of three years supervised release.[7]

Gurley is currently incarcerated at FCI Beaumont Medium in Beaumont, Texas.[8] His projected release date is July 2, 2022.[9]

On May 11, 2020, Gurley filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[10] On May 15, 2020, the Court appointed the Office of the Federal Public Defender for the Eastern District of Louisiana to represent Gurley.[11] On May 22, 2020, the government filed an opposition to the first motion for compassionate release.[12] On June 12, 2020, Gurley, through counsel, filed a supplemental memorandum in further support of the first motion for compassionate release.[13] On June 23, 2020, the Court denied the first motion for compassionate release without prejudice because Gurley had not exhausted his administrative remedies before filing the motion.[14]

On September 23, 2020, Gurley filed the instant *pro se*, second motion for compassionate

---

[5] Rec. Doc. 97.

[6] Rec. Doc. 192. According to the St. Bernard Parish Clerk of Court, Gurley is not currently serving a term of imprisonment on any state charges.

[7] *Id*.

[8] https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2020).

[9] *Id*.

[10] Rec. Doc. 226.

[11] Rec. Doc. 227.

[12] Rec. Doc. 230.

[13] Rec. Doc. 237.

[14] Rec. Doc. 242.

release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[15] On September 30, 2020, the Court appointed the Office of the Federal Public Defender for the Eastern District of Louisiana to represent Gurley.[16] On October 6, 2020, the government filed an opposition to the instant second motion for compassionate release.[17] On October 16, 2020, Gurley, through counsel, filed a supplemental memorandum in further support of the instant second motion for compassionate release.[18]

## II. Parties' Arguments

### A.   *Gurley's Arguments in Support of the Motion*

Gurley filed a one-page *pro se* motion arguing that his asthma, diabetes, and bronchitis—combined with the elevated risk of contracting COVID-19 while incarcerated—constitute sufficient grounds for a sentence reduction.[19] Specifically, he contends that his circumstances suffice for compassionate release under Section 3582(c)(1)(A).[20] Gurley asserts that he has served a significant portion of his sentence.[21] He notes that the charges are not violent, and he contends that he has six children at home who need his assistance.[22]

### B.   *The Government's Arguments in Opposition to the Motion*

In response, the government appears to concede that Gurley exhausted his administrative remedies, and the Court may therefore address the motion for compassionate release on the

---

[15] Rec. Doc. 264.

[16] Rec. Doc. 267.

[17] Rec. Doc. 270.

[18] Rec. Doc. 271.

[19] Rec. Doc. 264 at 1. The Court has liberally construed Defendant's pro se motion.

[20] *Id*.

[21] *Id*.

[22] *Id*.

3

merits.[23] However, the government argues that Gurley has not demonstrated any "extraordinary and compelling reasons" that would warrant a sentence reduction under Section 3582(c)(1)(A).[24] The government contends that general COVID-19 concerns do not constitute "extraordinary and compelling reasons" for a sentence reduction.[25] Nevertheless, the government recognizes that a chronic medical condition may satisfy the standard of "extraordinary and compelling reasons" if the Centers for Disease Control and Prevention ("CDC") has identified that condition as elevating the inmate's risk of becoming seriously ill from COVID-19.[26] The government notes that Gurley did not produce any medical evidence to support his assertion that he suffers from asthma, diabetes, and bronchitis.[27] Therefore, the government asserts that Gurley has failed to establish "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A).[28]

Next, the government argues that this Court lacks authority to order the BOP to place Defendant on home confinement.[29] The government states it is well-established that BOP has sole authority over an inmate's place of incarceration.[30] Because a request for home confinement merely alters the place of incarceration, the government argues that only the BOP may grant or deny his request.[31] The government contends that the Court cannot order the BOP to release

---

[23] Rec. Doc. 242 at 1.

[24] *Id*. at 7–11.

[25] *Id*. at 9.

[26] *Id*. at 10.

[27] *Id*. at 11.

[28] *Id*.

[29] *Id*.

[30] *Id*.

[31] *Id*. at 12.

Gurley on a temporary furlough because issuance of a furlough is within the sole discretion of the BOP.[32]

### C. *Gurley's Supplemental Arguments in Support of the Motion*

In the supplemental brief filed through counsel, Gurley argues that his compromised health and the severe threat posed by the COVID-19 pandemic, to which Mr. Gurley is acutely susceptible, constitute extraordinary and compelling circumstances compelling his immediate release from prison.[33] According to the defense, the Department of Justice has taken the position that Gurley's medical pre-conditions do constitute extraordinary and compelling circumstances for release in light of the COVID-19 pandemic.[34]

Gurley contends that his medical conditions make him extremely vulnerable to severe illness or death if he becomes infected with the COVID-19 virus.[35] Gurley notes that the Presentence Investigation Report reflects that he was diagnosed with asthma as child.[36] Additionally, Gurley presents BOP medical records confirming that he continues to suffer from asthma and was provided an Albuterol inhaler to be used twice daily or as needed.[37] Gurley also presents records showing a recent diagnosis of type 2 diabetes.[38] Gurley notes that the CDC has stated that patients with these conditions are much more likely to be hospitalized with

---

[32] *Id*. at 13 (citing 18 U.S.C. § 3622).

[33] Rec. Doc. 271 at 1.

[34] *Id*.

[35] *Id*. at 11.

[36] *Id*.

[37] *Id*.

[38] *Id*.

complications from COVID-19 and are at higher risk for severe illness from COVID-19.[39] Additionally, Gurley asserts that the Department of Justice has taken the position that the government should concede extraordinary and compelling circumstances for defendants who have certain CDC risk factors like those possessed by Gurley.[40] Therefore, Gurley contends that his medical conditions constitute extraordinary and compelling circumstances warranting compassionate release, and Gurley argues that his sentence of imprisonment should be reduced to time served.[41]

Next, Gurley argues that his release is supported by the Section 3553(a) factors, and he does not pose a danger to any person or to society if released.[42] Gurley notes that he has served approximately 31 months of his five-year sentence for a nonviolent drug offense.[43] Additionally, Gurley notes that at the time of sentencing this Court determined, after weighing the Section 3553(a) factors, that a sentence below the recommended Sentencing Guideline range was appropriate.[44] However, Gurley notes that at the time of sentencing the Court was not aware of the implications of his medical conditions and the future threat of COVID–19 to his health.[45] Given this additional consideration, Gurley argues that "it is not unreasonable to presume the Court would have considered a lower sentence at the time of sentencing, and it certainly justifies

---

[39] *Id*.

[40] *Id*.

[41] *Id*. at 12.

[42] *Id*. at 13.

[43] *Id*.

[44] *Id*.

[45] *Id*.

a lower sentence now."[46] Although Gurley acknowledges that his criminal history may be considered lengthy, he asserts that it does not include significant acts of violence.[47] Gurley notes that he has been incarcerated for almost 3 years without a single infraction.[48] For these reasons, Gurley argues that granting a limited sentence reduction would be entirely consistent with Section 3553(a).[49] Finally, if he is released, Gurley states that he will reside with his partner of approximately 8 years in New Orleans East, and he will be employed with his brother in his lawn care business.[50]

### III. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed."[51] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[52]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"[53]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[54]

---

[46] *Id*.

[47] *Id*.

[48] *Id*. at 14.

[49] *Id*.

[50] *Id*. at 15.

[51] 18 U.S.C. § 3582(c)(1)(A).

[52] *Id.*

[53] *Id.* § 3582(c)(1)(B).

[54] *Id.* § 3582(c)(2).

7

Gurley moves the Court to reduce his sentence under Section 3582(c)(1)(A).[55] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[56] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[57] In 2018, Congress passed and the President signed into law the First Step Act.[58] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[59]

Yet, before filing a compassionate release motion directly with a court, a prisoner must exhaust the administrative requirements under Section 3582(c)(1)(A).[60] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[61] Finally, the Court must "also consider[ ] the factors set forth in 18

---

[55] Rec. Doc. 264; Rec. Doc. 271.

[56] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[57] *Id.*

[58] *See id.*

[59] *See id.*

[60] *See* 18 U.S.C. § 3582(c)(1)(A).

[61] *Id.*

8

U.S.C. § 3553(a) to the extent that they are applicable."[62]

## IV. Analysis

In the instant motion, Gurley argues that his medical conditions—combined with his risks of contracting COVID-19—constitute sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[63] In response, the government appears to concede that Gurley exhausted his administrative remedies, and therefore the Court may address the motion for compassionate release on the merits.[64] However, the government argues that Gurley has not demonstrated any "extraordinary and compelling reasons" that would warrant a sentence reduction under Section 3582(c)(1)(A).[65]

### A. *Whether Gurley has Exhausted Administrative Remedies*

A defendant must exhaust administrative remedies before filing a motion in the district court seeking compassionate release pursuant to Section 3582(c)(1)(A).[66] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[67] the exhaustion requirement is satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

In this case, Gurley presents documentation showing that he filed a request for

---

[62] *Id.*

[63] Rec. Doc. 264; Rec. Doc. 271.

[64] Rec. Doc. 270 at 1.

[65] *Id*. at 7–11.

[66] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a [mandatory] nonjurisdictional claim-processing rule."); 28 U.S.C. § 3582(c)(1)(A).

[67] *Id*.

compassionate release with the warden on May 27, 2020.[68] The government does not dispute the exhaustion requirements of Section 3582(c)(1)(A) are satisfied.[69] Therefore, the Court evaluates Gurley's request for compassionate release on the merits.[70]

## B.     *Whether Extraordinary and Compelling Reasons Warrant a Sentence Reduction*

Pursuant to 28 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the United States Sentencing Guidelines is the applicable policy statement. Application Note 1 to Section 1B1.13 defines the term "extraordinary and compelling reasons" to include the following situations: (1) the defendant is suffering from a terminal illness ("Subsection A1"); (2) the defendant is suffering from a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" ("Subsection A2"); (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less ("Subsection B"); (4) the death or incapacitation of the caregiver of the defendant's minor child or minor children ("Subsection C1"); (5) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner ("Subsection C2"); or (6) "[a]s determined by the Director of

---

[68] Rec. Doc. 272-1.

[69] Rec. Doc. 270 at 1.

[70] *See Franco*, 973 F.3d at 468 (recognizing that a district court must enforce the mandatory claim-processing rule where it is raised by the government). Here, the government does not raise the claim-processing rule.

the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the proceeding subsections ("Subsection D").[71]

In the instant case, Gurley is not suffering from a terminal illness, and he is not yet 65 years old. Additionally, Gurley does not argue that any family circumstances might warrant a reduction of his sentence under Subsection C. Accordingly, Subsections A, B, and C of the Application Note do not apply. Instead, Gurley argues that his case falls within Subsection D.

Subsection D requires a finding of extraordinary and compelling reasons to justify a reduction of sentence. The Sentencing Guidelines were last amended on November 1, 2018, and therefore the policy statement has not been updated since the enactment of the First Step Act on December 21, 2018.[72] Before the enactment of the First Step Act, only the Bureau of Prisons could move for compassionate release under Section 3582. The First Step Act amended Section 3582(c) to allow a defendant to bring a motion for compassionate release "if he has exhausted his administrative rights to appeal the BOP's failure to bring such a motion or has waited 30 days after the warden's receipt of the request, whichever is earlier."[73]

Due to this clear conflict, there has been disagreement over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in Subsection D.[74] Recent Fifth Circuit caselaw indicates that reference to the Guidelines is one step in the district court's own determination of whether extraordinary and compelling reasons warrant

---

[71] U.S.S.G. § 1B1.13 cmt. n.1 (2018).

[72] *See United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020).

[73] *United States v. Bell*, No. 20-10427, 2020 WL 5823316, at *1 (5th Cir. Sept. 30, 2020).

[74] *United States v. Lawrence*, No. CR 13-42, 2020 WL 5411778, at *3–4 (E.D. La. Sept. 9, 2020) (collecting cases).

a reduction of sentence.[75] The Guidelines are not "the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction for medical reasons."[76] Accordingly, "the decision of whether to ultimately grant a modification is left to the sound discretion of the trial court," and such decisions are reviewed for abuse of discretion on appeal.[77]

Gurley argues that extraordinary and compelling reasons exist for his compassionate release because of the risks a COVID-19 infection might pose to his health.[78] Gurley attaches BOP medical documentation to the supplemental brief, showing that he suffers from asthma and type 2 diabetes.[79] The government does not contest that these conditions would put an individual at an increased risk of severe illness from COVID-19.[80] The CDC has stated that people with type 2 diabetes are at an increased risk of severe illness from COVID-19, and people with moderate to severe asthma might be at an increased risk of severe illness from COVID-19.[81] In fact, in several other cases, the U.S. Attorney's Office for the Eastern District of Louisiana has conceded that a diagnosis of type 2 diabetes constitutes "extraordinary and compelling reasons" for a reduction in light of the COVID-19 pandemic.[82] Additionally, as we enter the fall and winter

---

[75] *United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020).

[76] *Id*.

[77] *Id*. (quoting *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011)).

[78] Rec. Docs. 264, 271.

[79] Rec. Doc. 271-3.

[80] Rec. Doc. 270.

[81] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 28, 2020).

[82] *United States v. Baker*, No. 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020) (defendant had tested positive for COVID-19 before filing the motion for compassionate release); *United States v. Smith*, No. 14-

season, public health experts have recognized that the COVID-19 pandemic may intensify,[83] further highlighting the need to protect vulnerable individuals from the disease.

Based on the evidence presented by the defense and the recommendations of public health experts and the CDC, the Court finds that Gurley's type 2 diabetes and asthma make him particularly vulnerable to severe illness from COVID-19 so as to warrant a finding of "extraordinary and compelling" circumstances for a sentence reduction. Accordingly, Gurley has met his burden of showing that extraordinary and compelling reasons warrant a sentence reduction in his case.

### B.   *Whether the Section 3553(a) Factors Weigh in Favor of Reducing Gurley's Sentence*

Having found that "extraordinary and compelling" circumstances warrant a reduction in sentence, the Sentencing Guidelines' policy statement regarding compassionate release states a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[84] Gurley argues that his release is supported by the Section 3553(a) factors, and he does not pose a danger to any person or to society if released.[85] The government does not address this issue, but it notes that Gurley has an "extensive criminal history."[86]

---

154, 2020 WL 3576937, at *1 (E.D. La. July 1, 2020).

[83] WebMD, *Redfield: This Fall Could Be 'Worst' We've Seen*, https://www.webmd.com/lung/news/20200812/redfield-this-fall-could-be-the-worse-weve-seen (last visited Oct. 28, 2020).

[84] U.S.S.G. § 1B1.13 cmt. n.1 (2018).

[85] Rec. Doc. 271 at 13.

[86] Rec. Doc. 270 at 6.

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors related to whether the defendant is a danger to the community include: "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[87] Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][88]

The instant offense is not violent in nature. Gurley admitted to his participation in a conspiracy to distribute oxycodone, promethazine with codeine, and carisoprodol.[89] Gurley admitted to recruiting individuals to assist in presenting fraudulent and forged prescriptions for controlled substances to Keith Wilkinson and Wilkinson Family Pharmacy in Chalmette, Louisiana.[90]

---

[87] 18 U.S.C. § 3142(g).

[88] 18 U.S.C. § 3553(a).

[89] Rec. Doc. 98.

[90] *Id.*

Gurley's personal history and characteristics are compelling, and many factors weigh in favor of a reduction. Gurley is a 30-year-old, African American male.[91] He has six children.[92] In addition to the medical conditions discussed above, the Presentence Investigation Report reflects that he was previously diagnosed with ADHD and bipolar disorder.[93] At sentencing, Gurley admitted that he suffers from addiction to marijuana and opiates, which began at a very early age.[94] Gurley stated that his drug addiction motivated his criminal activity.[95]

Gurley has multiple prior criminal convictions for possession of controlled substances, resisting an officer, illegal possession of stolen things, and reckless operation of a motor vehicle.[96] He committed the instant offense while he was on probation.[97] However, Gurley's criminal history is not violent in nature, and appears to be motived by his drug addiction.

Gurley's strong community ties are also appropriate considerations under Section 3142(g). Gurley has six children, all of whom reside in the New Orleans area.[98] Upon release, Gurley will live with his partner of approximately 8 years, Cashanti Epps, in New Orleans, Louisiana.[99] He has a plan for employment at his brother's lawn care business.[100]

---

[91] Rec. Doc. 152 at 4.

[92] *Id*.

[93] *Id*. at 19.

[94] *Id*.

[95] *Id*. at 32.

[96] *Id*. at 9–16.

[97] *Id*. at 14.

[98] *Id*. at 17–18.

[99] Rec. Doc. 271 at 15.

[100] *Id*.

Additionally, the Court takes into consideration the fact that Gurley has served a significant portion of his sentence, and he has no infractions on his BOP disciplinary record.[101] Accordingly, having considered all of the relevant factors under Section 3142(g) and Section 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh in favor of Gurley's request for compassionate release.

### V. Conclusion

For the reasons discussed above and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court finds extraordinary and compelling reasons warrant a reduction of Gurley's sentence. Gurley does not pose a danger to any other person or the community, the Section 3553(a) factors support a reduction, and the reduction is consistent with applicable U.S. Sentencing Commission policy statements. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dion Gurley's ("Gurley") second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **GRANTED.**[102] Gurley's sentence is reduced to time served in prison.

**IT IS FURTHER ORDERED** that upon release from imprisonment, Gurley shall be placed on supervised release for a term of three years. While on supervised release, Gurley shall abide by all standard and special conditions of supervised release, which were previously imposed at sentencing:[103]

> 1. Considering Gurley's history of substance abuse as documented in the presentence investigation report, Gurley shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment, which may include urinalysis testing. Participation may include inpatient/outpatient treatment. Gurley shall contribute to the cost of this program

---

[101] *See* Rec. Doc. 271-4.

[102] Rec. Doc. 264.

[103] *See* Rec. Doc. 192.

      to the extent that Gurley is deemed capable by the United States Probation Officer. While under supervision, Gurley shall submit to random urinalysis testing, as directed by the United States Probation Officer.

2. Considering Gurley's reported history of mental health issues, Gurley shall submit to a mental health evaluation. If treatment is recommended, Gurley shall participate in an approved treatment program and abide by all supplemental conditions of treatment, to include medication as prescribed. Participation may include inpatient/outpatient treatment. Gurley will contribute to the costs of services rendered (co-payment) based his ability to pay or availability of third-party payment.

3. To ensure that Gurley supports himself through lawful means, Gurley shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for school, training, or other acceptable reasons. Further, Gurley shall provide documentation including but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, Gurley shall participate in employment readiness programs, as approved by the Probation Officer.

4. Considering Gurley's responses to the Texas Christian University Criminal Thinking Scale and to assist with prosocial decision making, Gurley shall participate in an approved cognitive behavioral therapeutic treatment program and abide by all supplemental conditions of treatment. Gurley shall contribute to the cost of this program to the extent he is deemed capable by the Probation Officer.

5. Considering the nature of the instant offense and Gurley's criminal history, Gurley shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; Gurley shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

Additionally, in light of the COVID-19 pandemic and the reduction of sentence granted to Gurley by this Order, the following additional special conditions shall also be imposed:

1. Upon release, Gurley shall report immediately to the home of Cashanti Epps in New Orleans, Louisiana.

2. Gurley shall self-quarantine for a period of 14 days following his release.

3. Gurley shall be placed on home detention, with location monitoring, by active GPS (including hybrid GPS), for a period of six months, to commence immediately, or within fourteen (14) days from the date of Gurley's release from prison. Gurley shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the United States Probation Officer. Gurley shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period. Gurley shall wear an electronic device and shall observe the rules specified by the United States Probation Office. Gurley shall contribute to the cost of this program to the extent that he is deemed capable by the United States Probation Officer.

**NEW ORLEANS, LOUISIANA,** this 29th day of October, 2020.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**